# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| § | |
| v. § | CASE NO. 3:19-CR-58-S |
| § | |
| JORDAN ROTENBERRY (01) § | |
| SAMANTHA SWINDELL (03) § | |

## AMENDED PRETRIAL ORDER

The Court finds that in the interest of justice, this case shall be tried together with all co-defendants, pursuant to 18 U.S.C. § 3161(h)(6). Accordingly, the pretrial deadlines in this case as reset as follows:

| | |
|---|---|
| Pretrial Motions Deadline | **March 22, 2019** |
| Response/Reply to Pretrial Motions Deadline | **April 5, 2019/April 12, 2019** |
| Pretrial Material Deadline | **April 19, 2019** |
| Pretrial Conference | **April 26, 2019 at 10:00 a.m.** |
| Trial Setting | **April 29, 2019 at 9:00 a.m.** |

1.  **This case is set for trial** on this Court's docket beginning **April 29, 2019, at 9:00 a.m.** Counsel and all parties shall be ready for trial on that date. Any potential scheduling conflicts must be called to the attention of the Court **in writing** within ten (10) days of the date of this Order. The parties shall comply with the Federal Rules of Criminal Procedure and the Local Criminal Rules of this Court except as expressly modified by this Order.

1

2. By **March 8, 2019,** the Government shall provide **full discovery** to each defendant in accordance with FED. R. CRIM. P. 16(a). By **March 15, 2019**, each defendant shall provide full discovery to the Government in accordance with Rule 16(b).

3. By **March 15, 2019,** the Government shall, in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963), provide each defendant with all of the **exculpatory evidence** it possesses concerning that defendant.

4. The Government shall provide each defendant with all **Jencks Act material** (18 U.S.C. § 3500) on the day prior to the testimony of the witness to whom such material relates. Each defendant shall do likewise.

5. By **March 22, 2019**, all **pretrial motions** shall be filed, and they must comply with Local Criminal Rule 47.1. *See* N.D. Tex. Crim. R. 47.1. Discovery motions and motions for a bill of particulars shall be denied in their entirety unless they are limited to the specific matters actually in dispute, after conference with opposing counsel, as required by Local Criminal Rule 47.1(a).

6. By **April 5, 2019**, the Government's response to the pretrial motions shall be filed, and any reply by each defendant shall be filed by **April 12, 2019**.

7. By **April 19, 2019**, all **pretrial materials** shall be filed. Specifically, by this date:

  a. **A list of witnesses** shall be filed by each party, which divides the persons listed into groups of "probable witnesses," "possible witnesses," "experts," and "record custodians;" states the name and address of each witness; and contains a brief narrative summary of the testimony to be covered by each witness. (Modification of Local Criminal Rule 16.1(b)).

  b. **A list of exhibits and portions of deposition** to be offered at trial shall be filed by each party. In addition, each party shall number the listed exhibits with labels (which the parties must provide themselves); shall exchange a complete set of marked

exhibits with opposing counsel; and shall deliver to the Court's chambers one hard copy and one digital copy of the marked exhibits (except for large or voluminous items that cannot be easily reproduced). (Modification of Local Criminal Rule 16.1(a)). **All documentary exhibits offered by the Government shall be submitted on a thumb drive at the conclusion of trial to the Court Reporter.**

     c. On the day the case is set for trial, additional copies of the **list of witnesses** and **list of exhibits** (as required by Local Criminal Rules 16.1(a) and (b)) shall be delivered to the Court Reporter by each party.

     d. **Requested jury instructions (annotated)**,[1] any **motions in limine** (which must be limited to matters actually in dispute), and any **proposed voir dire questions** the Court is requested to ask during its examination of the jury panel and proposed findings in non-jury cases shall be filed by each party. (Modification of Local Criminal Rule 30.1).

     e. **A written statement** shall be filed by each party setting forth: (i) the estimated **length of trial**; (ii) the status of any **plea bargaining** negotiations; (iii) any **scheduling problems** which the attorneys, parties, or witnesses have during the trial docket; and (iv) **any additional matters** which would aid the Court in the disposition of this case.

     f. **Trial briefs, if any**, shall be filed. In the absence of a specific order, trial briefs are not required but are encouraged. The briefs should focus on Fifth Circuit and Supreme Court authority on the issues the parties anticipate will arise at trial.

**NOTE: Deadlines are dates for filing or delivery of pretrial materials, not mailing dates.**

---

[1] "Annotated" means that **each** proposed instruction shall be accompanied by citation to statutory or case authority and/or pattern instructions. It is not sufficient to submit a proposed instruction without citation to supporting authority. As Fifth Circuit and Supreme Court cases are the only binding precedent on this Court, the parties should – to the extent possible – rely on these sources (and/or Fifth Circuit pattern instructions) in proposing jury instructions.

8.  The **final pretrial conference** in this case is set for **April 26, 2019, at 10:00 a.m**. Lead counsel must attend the pretrial conference.  All pretrial motions not previously decided will be heard and resolved at that time, and procedures for trial will be discussed. Defendant(s) need not be present at the pretrial conference.

9.  **NOTE: Sanctions may be imposed if these pretrial requirements are not met.**  If the Government does not timely file the pretrial materials, the case may be dismissed. Any defendant who does not timely file the required pretrial materials may not be permitted to present witnesses or exhibits at trial.  Failure to list a witness or an exhibit may be grounds for exclusion of that testimony or exhibit, unless such exhibits or witness testimony is offered solely for impeachment.  The use of rebuttal exhibits or witnesses shall be permitted if counsel could not have reasonably anticipated their need for use at trial.

10.  In multi-defendant cases, any motions to continue the pretrial deadlines and/or the trial setting must include a certificate of conference with the Government and the attorneys for each defendant with whom the moving defendant is set for trial.

11.  All counsel are directed to advise the Court **at least four (4) days before trial, if a plea agreement has been reached.**  If such an agreement has been reached, except in unusual circumstances where such cannot reasonably be done**, counsel must furnish an executed copy to the Court at least three (3) days before trial**. Counsel should be mindful that a last-minute trial cancellation inconveniences all the citizens who have come to serve as jurors and wastes taxpayer money.  To avoid such a cancellation, counsel should endeavor to complete plea negotiations prior to the date scheduled for trial.

12. **Questions** about this scheduling order or about any other matters related to this case should be directed to this Court's Courtroom Deputy by calling **(214) 753-2291 or by e-mail at [Lori_Munoz@txnd.uscourts.gov](mailto:Lori_Munoz@txnd.uscourts.gov)**.  E-mails must include the case name and number, as well as your contact information.  Opposing counsel must be copied.

   **SO ORDERED.**

   SIGNED the 26th day of February, 2019.

                                                          _____
                                                          **KAREN GREN SCHOLER**
                                                          **UNITED STATES DISTRICT JUDGE**